UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEITH PURDY,

       Plaintiff,

vs.    No. 2:16-cv-0376-WTL-MPB

CORIZON HEALTH, LORETTA WHITE,
HOUMAN KIANI,
WILLIAM SPANENBERG,
FINOTE ASFAW, CYNTHIA DOWERS,
FARRAH BUNCH, KAYLA
MCDERMIT, STAPHANIE VANNATI,
DEBRA PRICE,

       Defendants.

**Entry Discussing the Defendants' Motion to Dismiss**

The defendants filed a motion to dismiss on December 12, 2016, arguing this action should be dismissed because the plaintiff has a prior parallel action pending in Indiana State Court.

**I. Background**

In June of 2016, the plaintiff filed a medical malpractice action in the Putnam County, Indiana, Superior Court. He named as defendants Corizon Health, Houman Kiani, Farrah Bunch, Kayla McDermitt, Cassandra Felix, Dawn Antle, and Finote Asfaw. [Dkt. 28-1]. The Indiana State Court case is proceeding and the parties are currently engaged in the discovery process.

On September 30, 2016, the plaintiff filed this action alleging the defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the Putnamville Correctional Facility in violation of the Eighth Amendment. [Dkt. 1].

The defendants assert that the complaint filed in this Court mirrors the State Court action. Specifically:

1. Five of the defendants are the same – Corizon, Hounman Kiani, Farrah Bunch, Kayla McDermitt, and Finote Asfaw.

2. The factual allegations are the same in each action - the defendants failed to treat his various and chronic medical needs, including chronic pain, while he was incarcerated.

However, on contrast:

1. There are five additional defendants in this action – Loretta White, William Spanenberg, Cynthia Dowers, Stephanie Vannati, Debra Price. The claims against these defendants in this action reference treatment he received (or lack of treatment) after he filed the State Court action.

2. The State Court action is based only on Indiana state law. The Federal Court action is based only on federal constitutional law.

## II. Discussion

The defendants argue this Court should dismiss this action based on the *Colorado River* abstention doctrine. *Colorado River Water Conversation District v. United States*, 424 U.S. 800 (1976).

The first issue for this Court in determining whether abstention is appropriate is whether there are in fact concurrent, parallel proceedings. Without parallel proceedings, abstention is inapplicable. The requirement is parallel suits, not identical suits. A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988).

Here, in the State Court action, the plaintiff filed a claim for medical malpractice under the Indiana Medical Malpractice Act against five defendants. In this action, the plaintiff filed a claim pursuant to the Eighth Amendment of the United States Constitution against ten defendants. The Court is not convinced that a parallel proceeding exists in this action, but even assuming that one

does, the defendants would not be entitled to dismissal under the *Colorado River* abstention doctrine.

Federal courts possess a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River*, 424 U.S. at 817. The pendency of an action in state court is no bar to proceedings concerning the same matter in federal court. *Id.* Only when exceptional circumstances exist may a federal court abstain from exercising its jurisdiction and defer to the concurrent jurisdiction of a parallel state court proceeding. *Id.* at 818.

The Seventh Circuit has noted:

> [T]here are at least ten factors that a district court can consider in deciding whether 'exceptional circumstances' exist that would justify deference to the state courts under the *Colorado River* doctrine.... 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti and Iatarola v. Behnke Warehousing*, 962 F.2d 698, 701 (7th Cir. 1992). Here, the state has not assumed jurisdiction over property (factor one). The defendants admit the federal forum is not inconvenient (factor two). Since the State Court action involves state law and the Federal Court action involves federal law, abstention in this case would not avoid piecemeal litigation (factor three). The State Court action was filed first (factor four). Under factor five, the source of governing law in the State Court action is state law. The source of governing law in the Federal Court action is federal constitutional law. The Court finds factor six to be dispositive. Applying the *Colorado River* abstention doctrine here would require future action from the State trial court to protect the plaintiff's federal claims, something that is not guaranteed. Stated another way, if the Court dismissed the plaintiff's federal constitutional claims, he would have to rely (or hope)

the Putnam County Superior Court Judge would allow him to amend a complaint that is 11 months old to add the federal claims and five defendants. The adequacy of the State Court action to protect the federal plaintiff's rights is speculative, as best.

In deciding not to abstain under the "exceptional circumstances" test of *Colorado River*, the Court places emphasis on all the factors. However, as stated above, factor six is dispositive. As such, the defendants' motion to dismiss, dkt. [27], is **denied**.

**IT IS SO ORDERED**.

Date: 5/19/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEITH PURDY
944551
5155 E. 65th Street
Indianapolis, IN 46220

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com