# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| KEITH PURDY, | ) |
|         Plaintiff, | ) |
| vs. | ) No. 2:16-cv-0376-WTL-DLP |
| CORIZON HEALTH, HOUMAN KIANI, FINOTE ASFAW, FARRAH BUNCH, KAYLA MCDERMIT, STAPHANIE VANNATTI, | ) |
|         Defendants. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

For the reasons explained below, dismissal for failure to prosecute is appropriate in this action. The defendants' motion to dismiss, Dkt. No. 53, is **granted**.

## I. Background

Plaintiff filed this civil rights action on September 30, 2016, alleging that his constitutional rights were violated by the defendants when they refused to provide treatment for his chronic pain while he was an inmate at the Putnamville Correctional Facility. The Court screened the complaint and permitted an Eighth Amendment claim for deliberate indifference to a serious medical need to proceed. The defendants filed a motion to dismiss due to a prior parallel action pending in Indiana State court on December 12, 2016. The plaintiff filed a response in opposition on January 4, 2017. Dkt. No. 27; Dkt. No. 36.

The plaintiff was released from incarceration in January of 2017 and provided a new address to the Court. Dkt. No. 38.

The Court denied the defendants' motion to dismiss on May 19, 2017. The defendants filed an answer on May 26, 2017, and asserted the affirmative defense that the plaintiff failed to exhaust

his administrative remedies. The defendants filed a motion for summary judgment based on exhaustion on June 30, 2017. Dkt. No. 45.

Despite notice regarding his right to respond to and submit evidence in opposition to motion for summary judgment, the plaintiff failed to file a response to the defendants' motion for summary judgment. On October 5, 2017, the Court granted in part and denied in part the defendants' motion for summary judgment. Dkt. No. 51. The next day, the Court issued an Entry Setting Pre-Trial Schedule. Dkt. No. 52.

On January 23, 2018, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 41(b) and Local Rule 41-1. They state the basis of their motion to dismiss as follows:

> On September 30, 2016, Plaintiff initiated this suit. (Doc. 1.) All the Corizon Defendants, with the exception of Vanatti, answered on December 12, 2016, and moved to dismiss because Plaintiff had filed a separate proceeding in Indiana State Court based on the same allegations. (Docs. 25, 27-28.) Plaintiff opposed this motion on January 4, 2017. (Docs. 36-37.) Then on January 18, 2017, Plaintiff filed a notice providing his new address after release from IDOC. (Doc. 38.) This is the current address listed on the docket for Plaintiff. Since that date,
>
> Defendants have actively litigated this suit, including a motion for summary judgment on the preliminary issue of exhaustion. (Docs. 50-51.) Plaintiff, however, has not taken any action. At this point, a year has elapsed.

Dkt. No. 54, pp. 1-2.

On January 26, 2018, the Court gave notice to the plaintiff pursuant to Local Rule 41-1 that this action was subject to dismissal for lack of prosecution based on the plaintiff's failure to take

any action for 6 months. The plaintiff was instructed that he had through February 26, 2018, to notify the Court that he intends to prosecute this action and that failure to do so would result in dismissal with no further notice. The plaintiff did not respond and the Court's notice was not returned to the Court marked undeliverable.

## II. Failure to Prosecute

Under Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action if the plaintiff fails to prosecute the case. The Seventh Circuit has listed several factors district courts should consider before dismissing a case under Rule 41(b):

> 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case.

*Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993).

More specifically, Local Rule 41-1 allows for the Court to dismiss an action with costs for failure to prosecute if: (1) no activity occurs for six months; (2) the Court or clerk notifies the parties that the case will be dismissed for failure to prosecute; and (3) at least 28 days have passed between the notice and dismissal. Here, no activity has occurred in this action since the plaintiff changed his address with the Court on January 18, 2017. The Court notified the plaintiff on January 26, 2018, that his action would be dismissed for failure to prosecute. The Court gave the plaintiff through February 26, 2018, to notify the Court he intends to prosecute this action. Dkt. No. 55. To date, the plaintiff has not responded to the Court's notice. Given the plaintiff's total abandonment of this action, the defendants' motion to dismiss, Dkt. No. 53, is **granted**.

**IT IS SO ORDERED**.

Date: 3/9/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEITH PURDY
944551
5155 E. 65th Street
Indianapolis, IN 46220

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com